IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS A. BADGER, JR., | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. 09-3619 |
| v. | : |
| STRYDEN CORPORATION, | : |
| Defendant. | : |

**MEMORANDUM & ORDER**

**Jones II, J.**                                                             **January 25, 2010**

Presently before the Court is Plaintiff's Motion for Leave to Take Deposition(s) (Dkt. No. 9) ("Motion") and Defendant's response thereto (Dkt. No. 15) ("Opp."). For the reasons set forth below, said Motion will be denied.

"So that an early hearing before this Court may be properly predicated," Plaintiff *pro se* seeks to take the deposition of one of Defendant's former employees, Julio Rivera, "before the expiration of 30 days after service of the summons and complaint upon Defendant" in this employment discrimination case. Motion at 1.[1] Plaintiff's choice of language suggests that he relies on Rule 30(a) as it existed prior to its amendment in 2000. Before its amendment, Rule 30(a) provided that leave of court was required "to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant," except in cases falling within certain specified categories not implicated here. Fed. R. Civ. P. 30(a) (1993).

In relevant part, the current version of the Rule now states that:

---

[1] Plaintiff's Complaint does not mention Julio Rivera, and Plaintiff has not yet served Defendant with any Initial Disclosures under Rule 26(a) setting forth Mr. Rivera's involvement in this matter. *See* Opp. at 1 n.1.

> [a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken . . . by the plaintiffs, or by the defendants, or by the third-party defendants;
> (ii) the deponent has already been deposed in the case; or
> (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
>
> (B) if the deponent is confined in prison.

Fed. R. Civ. P. 30(a)(2) (2000). Rule 26(d), in turn, provides in relevant part that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). While the Court retains much discretion in granting leave for an early deposition, Rule 26(d) implicitly requires a baseline justification before granting such leave. *See Entm't Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at *3 (E.D.Pa. Oct. 3, 2003) (applying "good cause" standard to motion for expedited discovery).

Good cause is "usually found in cases involving requests for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition." *Id.* However, while Plaintiff states in his Motion that "[i]njunctive relief is sought," he offers no further explanation or discussion of such relief. Nor does Plaintiff suggest any reason as to why Mr. Rivera need be deposed at this early time. *Cf.* Fed. R. Civ. P. 30(a)(2)(A)(iii) (suggesting that "good cause" would speak to an expectation that the deponent will leave the United States and be unavailable for examination in this country after that time). The Court cannot find that the "need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice" to Defendant here, where Defendant has not yet even received Plaintiff's Initial Disclosures. *Entm't Tech.*, 2003 WL 22519440 at *3 (citation omitted).

AND NOW, this 25th day of January, upon consideration of Plaintiff's Motion for Leave to Take Deposition(s) (Dkt. No. 9), and Defendant's response thereto (Dkt. No. 15), Plaintiff's Motion is DENIED.[2]

BY THE COURT:

/s/ C. Darnell Jones II
C. DARNELL JONES II        J.

---

[2] Plaintiff also asks the Court to "call upon and mandate the investigating attorneys for the Pennsylvania Human Relations Commission to host and carry out the deposition of Mr. Rivera at the Commission's Center City Philadelphia location." Motion at 2. To the extent that Plaintiff fashions this request as a motion, it is also denied, as there is no legal basis for mandating state employees to prosecute a civil matter on behalf of a *pro se* litigant. Furthermore, to the extent Plaintiff seeks to avoid the costs associated with prosecuting his civil claim, such a request is also denied. *See Palencar v. Cobler Realty Advisors*, Civil Action No. 3:09-CV-0325, at *2 (M.D. Pa. Nov. 10, 2009) (denying *pro se* plaintiff's request for assistance in serving subpoenas and taking depositions and noting that "the Court lacks the lawful authority to help finance, or relieve Plaintiff from, the costs associated with taking pre-trial discovery and otherwise prosecuting her claims in federal court"); *see also United States v. McCollom*, 436 U.S. 317, 321 (1976) (noting that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress").