IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORNELIUS A. BADGER** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **STRYDEN, INC.** | : | **NO. 09-3619** |
| **Defendant** | : | |

**LYNNE A. SITARSKI**                                              **DATE: JULY 29, 2010**
**UNITED STATES MAGISTRATE JUDGE**

## MEMORANDUM AND ORDER

Currently pending before this Court are two non-dispositive motions (Doc. Nos. 36 and 40) that have been referred to the undersigned for resolution by the Honorable C. Darnell Jones. As more fully set forth herein, both motions shall be **GRANTED**, and the "Second Revised Exhibit 'A'" attached to Document No. 41 shall be docketed as the First Amended Complaint in this matter. The filing of this document as the "First Amended Complaint" shall be **WITHOUT PREJUDICE** to Defendant's rights to assert any defenses, or file any motions that the Defendant may deem appropriate.[1]

I. **PROCEDURAL HISTORY.**[2]

On August 7, 2009, Cornelius Badger ("Plaintiff"), acting *pro se*, initiated an action in this Court by filing a Motion for Leave to Proceed *in forma pauperis*, along with an attached civil complaint against "Stryden Corporation," alleging race discrimination in violation of Title

---

[1] Both of the pending motions are directed to a fairly straightforward and routine question: should the Plaintiff's <u>unopposed</u> motion for leave to file an Amended Complaint be granted? This simple question has been unduly complicated by Plaintiff's inclusion of over-reaching language in the proposed form of Order, and by Defendant's responses to that language.

[2] I set forth the Procedural History in great detail because the history is unduly complicated, and in the hopes that future motion practice may be streamlined.

VII of the Civil Rights Act of 1964 and violations of the Equal Protection Clause of the 14th Amendment to the United States Constitution. (Doc. No. 1). On August 18, 2009, Plaintiff's motion to proceed *in forma pauperis* was denied without prejudice. (Doc. No. 2). The Clerk of Court was ordered to provide Plaintiff with the appropriate form to request leave to proceed *in forma pauperis* and Plaintiff was ordered to provide the Court a copy of his "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Rights Commission ("PHRC"). *Id.*

On September 17, 2009, Plaintiff filed a *pro se* motion for reconsideration, attaching the appropriate form to proceed *in forma pauperis* and a letter from the PHRC stating that his complaint had been "submitted for closing" due to the filing of the instant complaint in this Court. (Doc. No. 3). However, Plaintiff again failed to submit a right to sue letter from either the EEOC or the PHRC. As a result, Plaintiff's motion to proceed *in forma pauperis* was granted on October 1, 2009, but his Complaint was dismissed due to his failure to submit the required right to sue letter. (Doc. No. 4).

On October 26, 2010, Plaintiff filed another *pro se* motion for reconsideration with an attached right to sue letter from the EEOC dated September 30, 2009. (Doc. No.'s 6-7). Plaintiff also requested that the Court grant class certification status on behalf of himself and "other, former Stryden colleagues who fall into the class of discriminated and disenfranchised African-American workers wrongfully terminated because of race." (Doc. No. 7 at unnumbered p. 1). On November 3, 2009, Plaintiff's motion for reconsideration was granted in part and denied in part. (Doc. No. 8). Plaintiff's motion was granted to the extent that his Complaint was reinstated. However, Plaintiff's request for class certification was denied due to his *pro se* status and attendant inability to adequately represent the interests of the class in a legal proceeding. *Id.*

On January 14, 2010, Defendant filed an answer to Plaintiff's *pro se* Complaint. (Doc.

No. 14). Thereafter, on February 23, 2010, attorney Sidney L. Gold entered his appearance on behalf of Plaintiff. (Doc. Nos. 18-22). On February 24, 2010, the Court issued an Order permitting Plaintiff to withdraw as *pro se* counsel and granting attorney Sidney L. Gold's entry of appearance. (Doc. No. 25).

On March 1, 2010, the parties filed a counseled, "Joint Report of Rule 26 Meeting," indicating that they were in the process of finalizing a stipulation for dismissal of Plaintiff's initial *pro se* Complaint, without prejudice, with the understanding that Plaintiff would be permitted to file a counseled, amended, class and collective action Complaint. (Doc No. 24). On March 2, 2010, the Court ordered Plaintiff to file any Amended Complaint on or before March 5, 2010. (Doc. No. 25). On March 4, 2010, the parties jointly filed a stipulation requesting a 10 day extension or until March 15, 2010, to file an Amended Complaint. (Doc. No.'s 26-27). On March 4, 2010, the Court granted the parties' request. (Doc. No. 28). On March 12, 2010, the parties submitted a further joint stipulation requesting until March 29, 2010, to file an Amended Complaint. (Doc. No. 30). The Court granted this request on March 15, 2010. (Doc. No. 32). On March 25, 2010, the parties once again filed a joint stipulation requesting that Plaintiff's time for filing an Amended Complaint be extended until April 14, 2010. (Doc. No. 33). This request was granted by the Court on March 26, 2010. (Doc. No. 35).

On April 14, 2010, Plaintiff filed a "Motion for Leave to File a First Amended Class and Collective Action Complaint ("Motion to Amend Complaint"). (Doc. No. 36). In this proposed Amended Complaint, Plaintiff added seven additional Plaintiffs (Benton Cambridge IV, Maveri Maverick Mitchell, Donald Thomas, Gilbert Hardy, Eric Carter, James Horton, and Goldie Hemmingway) and two additional Defendants (Novos Associates, LLC and Major Logicstics, LLC). *Id.* Plaintiff also added claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the

3

Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.*

On April 27, 2010, Defendant filed a Response to Plaintiff's Motion for Leave to File a First Amended Class and Collective Action Complaint. (Doc. No. 38). In its response, Defendant did not object to Plaintiff filing its First Amended Complaint. In fact, the filing of an Amended Complaint was fully discussed and agreed upon by the parties. (Doc. No. 24). The parties jointly filed three stipulations which plainly contemplated that Plaintiff would file an Amended Complaint. (Doc. No.'s 26, 30, 33). Further, the proposed Order attached to Defendant's response expressly states "Plaintiff is permitted to file the First Amended Complaint". (*See Id.*, Def.'s Proposed Order). So, although Defendant does not oppose the filing of Plaintiff's First Amended Complaint, Defendant does object to certain statements contained within the proposed form of Order granting Plaintiff leave to file the Amended Complaint. Specifically, Defendants object to the provisions of the proposed Order that declare that the new claims asserted in the amended complaint "relate back" to Plaintiff's original complaint for purposes of calculating the statute of limitations. *Id.*

On May 6, 2010, Plaintiff filed a reply to Defendant's response. In that reply, Plaintiff responded to Defendant's response but also seeks to add five additional Plaintiffs (Mikail Abdul-Karim, Aaron L. Johnson, Sabrina Shorts, Zikiyah Jackson and Quinton Kennedy). (Doc. No. 41). On May 14, 2010, Defendant filed a response to Plaintiff's reply. (Doc. No. 42). In that response, Defendant asks the Court to deny Plaintiff's motion to file its reply because it is not, in fact, a reply but rather an attempt to file a Second Amended Complaint, without having first obtained leave of court to file a Second Amended Complaint. *Id.*

On May 3, 2010, Judge Jones referred to me Plaintiff's Motion for Leave to File a First Amended Class and Collective Action Complaint. (Doc. No 39). On May 18, 2010, Judge Jones referred to me Plaintiff's Motion to File a Reply Brief. (Doc. No. 43).

## II. DISCUSSION

Fed.R.Civ.P. 15(a) governs amendments to pleadings. Although Plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, subsequent amendments are permitted only with leave of Court. *Id*. The Rule requires that courts "should freely give leave when justice so requires," *id*., and evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *See, e.g., Foman v. Davis*, 371 U.S. 178, 181-82 (1962). As a general rule, amendments are favored in order to facilitate a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Unless there is a substantial reason to deny leave to amend, the Court should permit the amendment. *See Lorenz v. CSX Corp*., 1 F.3d 1406, 1413-14 (3d Cir.1993) (*citing Foman*, 371 U.S. at 182).[3]

Consistent with Rule 15(c), the Motion to Amend should be granted. Indeed, Defendant does not oppose the filing of a First Amended Complaint. Therefore, Plaintiff's motion to file a First Amended Complaint will be granted. Plaintiff's motion will be denied, however, to the extent that it seeks any rulings that concern or implicate substantive issues, such as the statute of limitations or the doctrine of relation back.

The question thus becomes, which document shall be filed as the First Amended

---

[3] On the other hand, a Motion to Amend is properly denied where the record evinces "undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of amendment." *Foman, supra*. The briefs filed by the parties reveal that there certainly will be a dispute as to whether some of the claims are barred by the statute of limitations, and whether such claims "relate back" to the initial Complaint. I do not decide those issues now, as they have not been properly raised, briefed, or argued.

Complaint? As noted, Plaintiff attached a proposed Amended Complaint to his initial Motion (Doc. No. 36), and then attached a different proposed Amended Complaint (a "Second Revised Exhibit 'A'") to his Motion for Leave to File a Reply Brief (Doc. No. 41). Defendant characterizes this document as a "Second Amended Complaint." I disagree with this characterization, since leave to file a First Amended Complaint (attached to Doc. 36) had not previously been granted. Up until now, there has not been *any* Amended Complaint, properly filed, with leave of Court.

In the interest of judicial economy and in order to facilitate a proper decision on the merits, Plaintiff's Motion to File a Reply to Defendant's Response shall be granted. (Doc. No. 41). The document contained in Doc. No. 41-4, entitled "Second Revised Exhibit 'A'" shall constitute the First Amended Complaint in this matter.[4]

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant contends that the proper procedure would be to deny as moot Plaintiff's Motion to Amend the Complaint (Doc. No. 36), and then have Plaintiff file another Motion for Leave to File an Amended Complaint, attaching the current version of the proposed Amended Complaint. *See* Doc. No. 42 at p.3.

Proceeding in this fashion would serve no purpose whatsoever, other than starting all over again with extensive briefing on an <u>unopposed</u> Motion to Amend Complaint. The undersigned has no interest in further complicating the already-tortured procedural history of this case. In the interest of judicial economy, and so that the parties and the Court can begin to focus on the merits of this case, Plaintiff's "Second Revised Exhibit 'A'" shall be filed as the First Amended Complaint, without prejudice to Defendant's right to raise defenses to the claims set forth therein.