IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORNELIUS A. BADGER, JR., et al.,** : | |
| Plaintiffs, : | |
| : | **CIVIL ACTION NO.:** |
| v. : | |
| : | **2:09-CV-3619-CDJ** |
| **STRYDEN, INC., et al.,** : | |
| Defendants. : | |

Jones, II    J.

May 25, 2016

## MEMORANDUM

Now pending before the Court is Defendant Stryden's Motion to Dismiss the Second Amended Complaint, (hereinafter "MTD") (Dkt No. 192), and Plaintiffs' Response in Opposition filed by Donald Thomas, Mikail Abdul Karim, James Horton, and Goldie Hemmingway, (hereinafter "Resp.") (Dkt No. 200).

For the reasons that follow, Defendants' Motion to Dismiss will be GRANTED IN PART, DENIED IN PART.

### I.    Procedural History

The instant suit began when Cornelius Badger filed a purported class action Complaint against Stryden Corporation on October 1, 2009, based on allegations of race discrimination in employment. (Dkt No. 5.) On July 29, 2010, Mr. Badger filed an Amended Complaint naming twelve other individuals as co-plaintiffs and adding two additional defendants, Novos Associates, LLC and Major Logistics. (Dkt No. 50.) While Mr. Badger proceeded on his own behalf *pro se*, Mr. Thomas, Mr. Abdul-Karim, Mr. Horton, and Ms. Hemmingway, (hereinafter "Plaintiffs"), elected to be represented by William Coleman. (Dkt No. 86.)

Mr. Badger requested remand to the Pennsylvania Human Relations Commission on November 13, 2012, (Dkt No. 110), and the Court dismissed the claims without prejudice in order for Plaintiffs to file with the PHRC, (Dkt No. 112). However, because Badger could not act on behalf of other individuals and because Plaintiffs were out of time to seek redress through the PHRC, the suit was remanded to this Court. (Dkt No. 116); Badger v. Stryden, Inc., 543 F. App'x 156, 161 (3d Cir. 2013). On January 31, 2014, after the case was remanded, this Court ordered Plaintiffs to file an amended complaint by February 14, 2014. (Dkt No. 123.) On February 14,

2014, Mr. Badger filed an Amended Complaint. (Dkt No. 124.) Plaintiffs, however, did not join in that Amended Complaint nor did they file their own. This Court issued its first Order to Show Cause as to why Plaintiffs should not be dismissed due to their failure to file an amended complaint on June 30, 2014 and provided Plaintiffs until July 11, 2014 to file an appropriate response. (Dkt No. 145.) Several individual plaintiffs responded to the show cause order, although only one did so timely, but Mr. Coleman still did not file an amended complaint on behalf of Plaintiffs. As a result, this Court issued its second Order to Show Cause on August 14, 2014, for Mr. Coleman as to why he has failed to amend complaints on behalf of his clients. (Dkt No. 149.)

In light of the excuses set forth by Mr. Coleman, (Dkt No. 150), this Court held an in person status conference, (Dkt No. 158). After the status conference, based on Mr. Coleman's failures to comply with Court orders and client dissatisfaction, the Court ordered Mr. Coleman to file a status report detailing who he will continue representing in the matter by December 1, 2014. (Dkt No. 161.) On December 1, 2014, Mr. Coleman filed a status report with representation agreements attached for Mikail Abdul-Karim, Donald Thomas, Goldie Hemmingway, and James Horton. (Dkt No. 167.)  The Court permitted Mr. Coleman an extension until December 8, 2014, to secure representation agreements from Maverick Mitchell and Quinton Kennedy. (Dkt No. 168.) On December 15, 2014, the Court Ordered Mr. Coleman to file a status report as to who he is representing by December 17, 2014. (Dkt No. 169.) On December 24, 2014, Mr. Coleman filed a status report indicating he would not be representing Mr. Mitchell and Mr. Kennedy. (Dkt No. 171.)

After providing all plaintiffs an opportunity to secure counsel, the Court issued a final Order on January 30, 2015, permitting all plaintiffs leave to file an amended complaint by February 16, 2015. (Dkt No. 176.) This Court issued its third Order to Show Cause, on March 10, 2015, for Mr. Coleman as to why he had again failed to file an amended complaint on behalf of his clients and why he should not be removed from the case as a result. (Dkt No. 184.) Mr. Coleman provided no excuse "other than the fact that [he] lost track of the pleading." (Dkt No. 186.) In any event, Mr. Coleman filed a Second Amended Complaint on behalf of Plaintiffs on March 17, 2015. (Dkt No. 187.)

On April 14, 2015, Defendant Stryden filed a Motion to Dismiss the Second Amended Complaint filed by Plaintiffs, (Dkt No. 192). The Motion was granted as uncontested on May 5,

2015, (Dkt No. 194). On May 6, 2015, Mr. Coleman filed a Motion for Extension of Time to File. (Dkt No. 195.) Despite admonishing Mr. Coleman countless times about his persistent failure to comply with court orders, this Court generously granted the Motion. (Dkt No. 196.) On May 14, 2015, Plaintiffs filed an untimely response in opposition. (Dkt No. 200).

Defendant Stryden moves to dismiss the Complaint for failure to state a claim because the action is barred by: (1) res judicata, (2) laches, (3) the statute of limitations and (4) factual insufficiency. Defendant's Motion is supported by less than two pages of points and authority, which focuses primarily on Defendant's position that both Plaintiffs and their allegedly discriminatory supervisors were in fact employed by Major Logistics, LLC, not Defendant.[1] (MTD at unnumbered page 3.)

For the reasons that follow, Defendant Stryden's Motion to Dismiss will be GRANTED IN PART, DENIED IN PART.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks

---

[1] Plaintiffs filed a forty-six page Second Amended Complaint exhaustively identifying the facts and circumstances underlying their claims, yet Defendant's memorandum of law in support of its Motion to Dismiss is less than three pages long. Although the Court understands that quantity does not always equate to quality, here the quality of the Motion to Dismiss wholly fails to reach the threshold required by law. Despite making conclusory statements as to the failings of the Second Amended Complaint, Defendant never supports these statements with points and authority. Rather, the overall gist is that Defendant is annoyed with having to defend itself against these claims and believes that "It is time tot [sic] put an end to this heretofore baseless charade." (MTD an unnumbered page 3.)

omitted). "When considering a Rule 12(b)(6) motion, courts accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). "Although a district court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted)).

The statute of limitations constitutes an affirmative defense to an action under Federal Rule of Civil Procedure 8(c). "Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting Hanna v. U.S. Veterans' Administration Hospital, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Bethel, 570 F.2d at 1174.)

**III. Discussion**

In order to succeed on a motion to dismiss, Defendant must show that, even taking all of Plaintiffs' allegations as true, Plaintiffs fail to state a claim on which relief can be granted. Defendant makes multiple conclusory arguments unsupported by points and authority, but more thoroughly argues that Stryden is not a proper Defendant because the allegations of wrongdoing occurred under the employ of Major Logistics LLC, which is not properly alleged to be controlled by Stryden. Because the facts pleaded in the Second Amended Complaint fail to state a claim against Stryden for race-based discrimination and in keeping with this Court's reasoning regarding Mr. Badger, (Dkt No. 198), Count I of the Second Amended Complaint will be DISMISSED. In addition, because the facts pleaded in the Second Amended Complaint fail to state a claim against Stryden for misclassifying Plaintiffs as "independent contractors," Count III of the Second Amended Complaint will be DISMISSED. Plaintiffs will be permitted to proceed on Count II.

A. <u>Count I of the Second Amended Complaint Fails to State a Claim Against Stryden</u>

Plaintiffs allege that Stryden is liable for discrimination against Plaintiffs in violation of 42 U.S.C. § 1981 (hereinafter "Section 1981) based on the actions of Thomas Krempa and Julio Rivera, who were hired into supervisory roles in June and September 2008 respectively. (S.A.C. ¶ 29, 168-170.) Defendant moves to dismiss Count I on the basis that both Mr. Krempa and Mr. Rivera were employees of Major Logistics LLC and Plaintiff failed to allege in more than a conclusory manner that Stryden was a joint employer subject to liability.

Plaintiffs allege that "Stryden paid the employer's share of its contribution to social security (payroll taxes), and the income taxes of the plaintiffs and class members were withheld from their paycheck." (S.A.C. ¶ 55.) Plaintiffs further allege that when Major Logistics took over in late spring/early summer of 2008 is when Stryden "began implementation of a plan to evade Stryden's obligation to pay payroll taxes." (S.A.C. ¶ 54, 56.) These paychecks were all drawn on the account of Major Logistics. (S.A.C. ¶ 57.) Therefore, the facts as alleged by Plaintiffs taken as true demonstrate that Stryden employed and paid each person until spring or early summer 2008 when Major Logistics took over and began issuing paychecks drawn on their own account. Plaintiffs further allege that it was shortly after this change from Stryden to Major Logistics that Mr. Krempa and Mr. Rivera were hired and began their discriminatory course of action. (S.A.C. ¶ 29.)  Therefore, when the facts alleged are taken as true, the inference to be drawn is that Major Logistics rather than Stryden was in control of Plaintiffs' discriminatory supervisors.  Because the facts alleged by Plaintiffs do not support an inference that Stryden was their direct employer, Plaintiffs must allege in more than a conclusory manner that Stryden is a "joint employer" in order to state a claim against Stryden.

Plaintiffs allege multiple times that Stryden acted "in concert with one or more of the co-joint employer co-defendants." (S.A.C. ¶¶ 168, 170.) In addition Plaintiffs allege repeatedly that National Car Rental, Enterprise Rent-A-Car, and Alamo Car Rental had the "right, power, and authority to remove any Stryden manager from his position," and participated in the discriminatory practices. (S.A.C. ¶¶ 28, 41, 43, 47, 50.) Plaintiffs, however, assume that Stryden was the direct employer, despite not including allegations to that point, and fail to include specific allegations that Stryden was a joint employer with Major Logistics. Plaintiffs' sole allegation in this regard is the bald assertion that Major Logistics is "controlled by Stryden and was operated as an instrumentality or alter ego of Stryden." (S.A.C. ¶ 11.)

5

Whether a defendant is an employer for purposes of the anti-discrimination laws turns on a number of factors, including "which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013) (internal citations omitted). But the facts alleged by Plaintiffs demonstrate that Stryden did *not* pay their salaries at the time of the discriminatory action. (S.A.C. ¶ 57.) Further, each employee Plaintiff was terminated *after* their paychecks switched to being drawn on a Major Logistics LLC account after the summer of 2008. (S.A.C. ¶¶ 110, 129, 131, 144, 146.) In support of Count III, Plaintiffs allege that Stryden had control over the employees in order to demonstrate that they were not independent contractors, but even still Plaintiffs fail to allege any specific facts to support the bald assertion that Stryden was their employer. (S.A.C. ¶ 58, 111, 132, 148, 172.)

The entirety of Plaintiffs' opposition to Defendant's argument that Stryden was not a joint employer and therefore cannot be sued as such is stated *verbatim* below:

> The SAC alleges that Stryden, Novos, Major Logistics LLC., Enterprise Holdings, Inc(" , Enterprise Rent –A-Car (*ERAC"), National Car Rental*, and Alamo Rent A Car were each ind joint employers of the plaintiffs Thomas, Abdul Karim, Horton and Hemmingway. "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). For purposes of evaluating a motion to dismiss for failure to state a claim, these allegations must be accepted as true. Stryden's argument requires the court to ignore these allegations, and or to construe them in a manner which disfavors the plaintiff.

(Resp. at unnumbered page 5 (errors in original).) But this argument assumes that merely alleging the legal conclusion that each corporation is a joint employer is sufficient to survive a motion to dismiss. This assumption ignores the Supreme Court precedent set in Twombly and Iqbal. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). The naked assertion that Stryden acted as Plaintiffs' employer or joint employer without any factual enhancement is plainly insufficient. Therefore, Plaintiffs have not sufficiently alleged Stryden as a proper defendant and Count I must be DISMISSED.

### B. Count II of the Second Amended Complaint Properly States a Claim

Plaintiffs allege in Count II that Stryden violated the Fair Labor Standards Act ("FLSA") by "failing to pay plaintiffs and those who are similarly situated wages, minimum wages, and overtime wages." (S.A.C. ¶ 170.) Although Plaintiffs fail to allege and seek redress based on records violations in Count II, the Court will read Count II to include the allegation made earlier in the Second Amended Complaint that Stryden failed to maintain accurate records. (S.A.C. ¶¶ 86-87.) Defendant Stryden only moves to dismiss Count II on the basis of the statute of limitations;[2] Stryden does not challenge the sufficiency of the allegations.

Plaintiffs allege various FLSA violations. First, that "Stryden violated the FLSA by calling more drivers than were necessary to fill the requirement for any particular shift in order to assure that [sic] would be no shortages for the shift." (S.A.C. ¶ 61.) Second, that Stryden required drivers to appear at least an hour before their shift to receive assignments on a first come, first served basis, but were not paid for this waiting time. (S.A.C. ¶ 62.) Third, that "Stryden failed to maintain accurate records as to when employees actually arrived at work in order to secure position [sic] on the shift for which they were called." (S.A.C. ¶ 64.) Later in the Second Amended Complaint, Plaintiffs allege that Defendant "violated the FLSA by failing to pay plaintiffs and those who are similarly situated wages, minimum wages, and overtime wages." (S.A.C. ¶ 170.) Importantly, Plaintiffs allege that the violations were willful. (S.A.C. ¶ 87.)

The Fair Labor Standards Act includes a specific statute of limitations which states that a cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Plaintiffs allege in their Second Amended Complaint that the FLSA violations were willful. (S.A.C. ¶ 87.) Because the Court will take the facts alleged in Plaintiffs' complaint as true, the Court will apply the three-year statute of limitations.

---

[2] Stryden makes a conclusory statement that "The Second amended complaint is barred by the doctrine of res judicata. Because there has been no timely reinstatement of dismissed complaints, the dismissals have become final." (MTD at unnumbered page 1.) Although the prior complaints have not been reinstated, those complaints were dismissed without prejudice and the Court granted leave to re-file an amended complaint each time. When a court dismisses without prejudice or permits leave to file a successive complaint, res judicata does not bar a subsequent complaint. Venuto v. Witco Corp., 117 F.3d 754, 758-61 (3d Cir. 1997).

Plaintiffs initially joined this suit on July 29, 2010 with the filing of the First Amended Complaint. (Dkt No. 50.) Because the FLSA permits a cause of action for a willful violation to be commenced within three years, the filing of the Amended Complaint at least preserved Plaintiffs' cause of action as to any conduct arising on or after July 29, 2007. Plaintiff's allegations all arise from actions taken during 2008 and 2009. Therefore, Plaintiff is squarely within the statute of limitations.

Stryden argues that Plaintiffs' claims under the FLSA are untimely because the Second Amended Complaint does not relate back to the July 29, 2010 filing date. Federal Rule of Civil Procedure 15(c) governs the relation back of amendments. Pursuant to Rule 15(c)(1)(B), when an "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," then the amendment "relates back to the date of the original pleading." FED. R. CIV. P. 15. The first complaint in which Plaintiffs joined alleges that Stryden violated FLSA for the exact same reasons set forth in the Second Amended Complaint. (Compare First Amended Complaint ¶¶ 3, 67-70 with S.A.C. ¶¶ 61-64.) Because the allegations in the Second Amended Complaint track perfectly the allegations of the First Amended Complaint, the requirements for relation back are more than met. Therefore, Defendant's argument that Plaintiffs are not within the statute of limitations because their claims do not relate back is unavailing.

In light of the foregoing, Defendant's Motion to Dismiss Count II of the Second Amended Complaint is DENIED.

C. Count III of the Second Amended Complaint Fails to State a Claim Against Stryden

Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 against Stryden declaring that "(1) Stryden, Novos and MLL, EHI, ERAC, NCR and ARAC, acting individually and or in concert with one or more of the joint employer co-defendants, from September 2008 until Stryden closed operations in the PAR engaged in a pattern and practice of discrimination against black African-Americans based on race, skin color, national origin, ethnicity; and (2) SPC Drivers and Lead Drivers never became 'independent contractors' for purposes of Title VII, the FLSA, and the payment of payroll taxes." (S.A.C. ¶ 172.) The first declaration is sought based on the allegations brought in Count I and, for the same reasons explained above, must fail against Stryden. The second declaration is sought based on the reclassification of the individual

8

Plaintiffs from "employees" to "independent contractors." But Plaintiffs admit that Stryden treated Plaintiffs as employees and it was only when Major Logistics LLC took over that they were reclassified as independent contractors. (S.A.C. ¶ 54-57.) As a result, Stryden is likewise not the proper party against whom to seek this declaration.

In light of the foregoing, Count III must be DISMISSED.

## CONCLUSION

Based on the foregoing analysis, Counts I and III of the Second Amended Complaint will be dismissed with prejudice. Because the Court has previously afforded Plaintiffs leave to amend[3] and because such leave would be futile, leave to amend will not be permitted.

An appropriate order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**

**C. DARNELL JONES, II    J.**

---

[3] On January 31, 2014, this Court ordered Plaintiffs to file an Amended Complaint by February 14, 2014. (Dkt No. 123.) Plaintiffs, however, did not file an amended complaint. This Court issued an Order to Show Cause on June 30, 2014. (Dkt No. 145.) But Mr. Coleman still did not file an amended complaint on behalf of Plaintiffs. As a result, this Court issued another Order to Show Cause on August 14, 2014. (Dkt No. 149.) In light of the excuses set forth by Mr. Coleman, this Court issued an Order on January 30, 2015, permitting all plaintiffs one final opportunity to file an amended complaint by February 16, 2015. (Dkt No. 176.) But, again, Mr. Coleman failed to file an amended complaint on behalf of Plaintiffs thereby requiring this Court to issue yet another Order to Show Cause. (Dkt No. 184.) Finally, Mr. Coleman filed a Second Amended Complaint on behalf of Plaintiffs on March 17, 2015. (Dkt No. 187.) Then, on April 14, 2015, Defendant Stryden filed a Motion to Dismiss the Second Amended Complaint filed by Plaintiffs, (Dkt No. 192). Mr. Coleman failed to file a response, therefore the Motion was granted as uncontested on May 5, 2015, (Dkt No. 194). On May 6, 2015, Mr. Coleman filed a Motion for Extension of Time to File. (Dkt No. 195.) Despite admonishing Mr. Coleman countless times about his persistent failure to comply with court orders, this Court generously granted the Motion. (Dkt No. 196.)