**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORNELIUS A. BADGER, JR., et al.,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO.:** |
| **v.** | : | |
| | : | **2:09-CV-3619-CDJ** |
| **STRYDEN, INC., et al.,** | : | |
| **Defendants.** | : | |

**Jones, II J.**

**May 25, 2016**

**MEMORANDUM**

Now pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and Pursuant to FRCP 41(b) filed by Defendants Alamo Rent-A-Car, Enterprise Holdings, Inc., Enterprise Rent-A-Car, and National Car Rental, (hereinafter "MTD") (Dkt No. 214), the Plaintiffs' Response in Opposition filed by Donald Thomas, Mikail Abdul Karim, James Horton, and Goldie Hemmingway, (hereinafter "Resp.") (Dkt No. 222), and Defendants' Reply Brief in Support of the Motion to Dismiss (hereinafter "Reply") (Dkt No. 226).[1]

For the reasons that follow, Defendants' Motion to Dismiss will be GRANTED.

## I. Procedural History

The instant suit began when Cornelius Badger filed a purported class action Complaint against Stryden Corporation[2] on October 1, 2009, based on allegations of race discrimination in employment. (Dkt No. 5.) On July 29, 2010, Mr. Badger filed an Amended Complaint naming twelve other individuals as co-plaintiffs and adding two additional defendants, Novos Associates, LLC and Major Logistics. (Dkt No. 50.) While Mr. Badger proceeded on his own behalf *pro se*, Mr. Thomas, Mr. Abdul-Karim, Mr. Horton, and Mr. Hemmingway, (hereinafter

[1] Cornelius A. Badger, Jr., who was terminated from the suit by the Court's Order dated May 13, 2015, (Dkt No. 198), likewise filed a Response in Opposition, (Dkt No. 223). Mr. Badger, however, in addition to being previously terminated from the case, is not a party to the Second Amended Complaint that is the subject of the instant Motion to Dismiss. Therefore, Mr. Badger has no standing to file a response in opposition and, as such, his filing will not be considered.

[2] On April 14, 2015, Defendant Stryden filed a Motion to Dismiss the Second Amended Complaint filed by Plaintiffs, (Dkt No. 192). The Motion was granted as uncontested on May 5, 2015, (Dkt No. 194). On May 6, 2015, Mr. Coleman filed a Motion for Extension of Time to File. (Dkt No. 195.) Despite admonishing Mr. Coleman countless times about his persistent failure to comply with court orders, this Court granted the Motion. (Dkt No. 196.) On May 14, 2015, Plaintiffs filed an untimely response in opposition. (Dkt No. 200). The Court will consider this separately.

"Plaintiffs"), elected to be represented by William Coleman. (Dkt No. 86.) Defendant Enterprise first became involved in this lawsuit when Mr. Badger filed a Motion for Sanctions against Enterprise on June 22, 2012, (Dkt No. 102), to which Enterprise responded with a Motion to Strike, (Dkt No. 104). This Court denied the Motion to Strike filed by Enterprise on July 11, 2012, because Enterprise was not a party to the suit as it had not been named as a defendant. (Dkt No. 105.)

Mr. Badger requested remand to the Pennsylvania Human Relations Commission on November 13, 2012, (Dkt No. 110), and the Court dismissed the claims without prejudice in order for Plaintiffs to file with the PHRC, (Dkt No. 112). However, because Badger could not act on behalf of other individuals and because Plaintiffs were out of time to seek redress through the PHRC, the suit was remanded to this Court. (Dkt No. 116); Badger v. Stryden, Inc., 543 F. App'x 156, 161 (3d Cir. 2013). On January 31, 2014, after the case was remanded, this Court ordered Plaintiffs to file an amended complaint by February 14, 2014. (Dkt No. 123.) On February 14, 2014, Mr. Badger filed an Amended Complaint naming Enterprise Holdings, Inc. as a defendant for the first time. (Dkt No. 124.) Plaintiffs, however, did not join in that Amended Complaint nor did they file their own. This Court issued its first Order to Show Cause as to why Plaintiffs should not be dismissed due to their failure to file an amended complaint on June 30, 2014 and provided Plaintiffs until July 11, 2014 to file an appropriate response. (Dkt No. 145.) Several individual plaintiffs responded to the show cause order, although only one did so timely, but Mr. Coleman still did not file an amended complaint on behalf of Plaintiffs. As a result, this Court issued its second Order to Show Cause on August 14, 2014, for Mr. Coleman as to why he has failed to amend complaints on behalf of his clients. (Dkt No. 149.)

In light of the excuses set forth by Mr. Coleman, (Dkt No. 150), this Court held an in person status conference, (Dkt No. 158). After the status conference, based on Mr. Coleman's failures to comply with Court orders and client dissatisfaction, the Court ordered Mr. Coleman to file a status report detailing who he will continue representing in the matter by December 1, 2014. (Dkt No. 161.) On December 1, 2014, Mr. Coleman filed a status report with representation agreements attached for Mikail Abdul-Karim, Donald Thomas, Goldie Hemmingway, and James Horton. (Dkt No. 167.) The Court permitted Mr. Coleman an extension until December 8, 2014, to secure representation agreements from Maverick Mitchell and Quinton Kennedy. (Dkt No. 168.) On December 15, 2014, the Court Ordered Mr. Coleman

to file a status report as to who he is representing by December 17, 2014. (Dkt No. 169.) On December 24, 2014, Mr. Coleman filed a status report indicating he would not be representing Mr. Mitchell and Mr. Kennedy. (Dkt No. 171.)

After providing all plaintiffs an opportunity to secure counsel, the Court issued a final Order on January 30, 2015, permitting all plaintiffs leave to file an amended complaint by February 16, 2015. (Dkt No. 176.) This Court issued its third Order to Show Cause, on March 10, 2015, for Mr. Coleman as to why he had again failed to file an amended complaint on behalf of his clients and why he should not be removed from the case as a result. (Dkt No. 184.) Mr. Coleman provided no excuse "other than the fact that [he] lost track of the pleading." (Dkt No. 186.) In any event, Mr. Coleman filed a Second Amended Complaint on behalf of Plaintiffs on March 17, 2015. (Dkt No. 187.) For the first time since joining the suit in July of 2010, Plaintiffs named as defendants Enterprise Holdings, Inc., Enterprise Rent-A-Car, National Car Rental, and Alamo Rent-A-Car (hereinafter "Enterprise Defendants"). (Dkt No. 187.)

Enterprise Defendants move to dismiss Plaintiffs' Second Amended Complaint, (hereinafter "SAC"), as untimely under Rule 12(b)(6) and for failure to comply with court orders under Rule 41(b)[3]. For the reasons that follow, Defendants' Motion to Dismiss will be GRANTED.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

[3] The Court need not consider dismissal under Rule 41(b) because consideration of the merits is dispositive. However, Rule 41(b) provides alternative grounds for dismissal considering the Poulis factors. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). (1) Despite multiple opportunities to retain new counsel or proceed *pro se* after witnessing Mr. Coleman's behavior, Plaintiffs chose to be represented by Mr. Coleman. (Dkt No. 167.) In addition, Plaintiffs had been warned that failure to timely comply with court orders could result in dismissal. (Dkt No. 123.) (2) Prejudice to the adversary results from the failure to bring a timely complaint because the adversary's joint employer is no longer in existence for information or joint liability. (Dkt No. 150.) (3) The Court was forced to enter three separate show cause orders in an attempt to secure an amended complaint from Plaintiffs, in addition to permitting delays in other filings as well. (Dkt No. 145, 149, and 184.) (4) Unlike the attorney in Poulis who was ill and needed to attend to his wife's pregnancy, Mr. Coleman provided no excuse for his dilatoriness. (See Dkt No. 186 ("I can offer no explanation for the late filing of the pleading other than the fact that I lost track of the pleading, and though I make no suggestion that I did not receive proper notice of your order via the Court's ECF filing system, it nonetheless appears that I failed to keep track of the requirement fo [sic] filing an Amended Complaint.") (5) At this point, other alternative sanctions such as costs and fees are unlikely to be sufficient given Enterprise Defendants relatively short involvement in the case. (6) Finally, because the claims against Enterprise Defendants were brought with such delay, the statute of limitations has run and the claims are unmeritorious. Therefore, Plaintiffs' claims could also be dismissed in accordance with Rule 41(b) and Poulis.

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted). "When considering a Rule 12(b)(6) motion, courts accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). "Although a district court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted)).

The statute of limitations constitutes an affirmative defense to an action under Federal Rule of Civil Procedure 8(c). "Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting Hanna v. U.S. Veterans' Administration Hospital, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Bethel, 570 F.2d at 1174.)

**III. Discussion**

Plaintiffs do not dispute that the statute of limitations has elapsed for each Plaintiff on both Count I and Count II if the time is calculated from the date upon which Defendants refused to

hire or fired the individuals. Plaintiffs, however, argue that either the discovery rule or equitable tolling apply and therefore permit Plaintiffs to file outside the standard limitations period.[4] It is plain from the face of the Complaint[5] that, even if the discovery rule or equitable tolling were to apply, the statute of limitations has still expired. Therefore, Plaintiffs' claims must be dismissed as untimely.

A. Counts I – Race Discrimination under Section 1981 – is Time-Barred

Claims under Section 1981 as amended are governed by the federal "catch all" statute of limitations of four years that was enacted in 28 U.S.C. §1658. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). But "Section 1658(a)'s four-year limitations period does not apply to claims that could have been raised under the pre-1990 version of § 1981." Ke v. Ass'n of Pa. State Coll. & Univ. Faculties, 447 F. App'x 424, 425-26 (3d Cir. 2011); see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) (analyzing the chronology of a claim to determine whether the § 1658 "catch all" applied). Therefore, the critical question is whether the claim "could have been brought prior to the 1991 amendment to Section 1981." Johnson-Harris v. AmQuip Cranes Rental, LLC, No. CIV.A. 14-767, 2015 WL 4113542, at *7 (E.D. Pa. July 8, 2015) (Beetlestone, J.). Section 1981 as originally enacted protected the rights of individuals to make and enforce contracts by prohibiting refusal to enter into or enforce a contract based on race. Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989). "Because a claim based on failure to hire . . . asserts a failure to enter into a contract with a plaintiff, courts have routinely held that failure-to-hire claims would have been actionable under the pre–1991 version of Section 1981." Id. (citations omitted). In addition, wrongful discharge based on race was likewise actionable before the 1991 amendment. See, e.g., Shah v. MetPath Corp., 470 F.Supp. 158 (E.D. Pa. 1979) (declining to dismiss Section 1981 claim for wrongful termination based on race). Because Plaintiffs' claims for race discrimination could have been brought under the pre-1990 version of Section 1981, the two-year statute of limitations applies.[6]

[4] Plaintiffs do not argue that the claims against Defendants relate back under Federal Rule of Civil Procedure 15(a)(2) and, even if they did, such an argument could not succeed.

[5] Plaintiffs in fact plead no explanation or excuse for their severe delay in filing suit against the Enterprise Defendants. As a result, the face of the complaint demonstrates that the statute of limitations has expired and alleges no facts that would permit the Court to find the discovery rule or equitable tolling apply. The Court, however, will generously consider the arguments set forth in Plaintiffs' response because the claims must nonetheless be dismissed.

[6] Defendant takes Plaintiffs at their word that the claims are based on the Civil Rights Act of 1866 *as amended* and thus analyzes the claim under a four-year statute of limitations. (MTD at 10.) Plaintiffs' statement that the claim

A claim accrues when a plaintiff becomes aware of an injury, regardless of whether the plaintiff is likewise aware that legal redress is available for that injury. United States v. Kubrick, 444 U.S. 111, 123 (1979) ("We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted.") Once the claim accrues from the plaintiff's awareness of the injury, the statute of limitations begins to run. William A. Graham Co. v. Haughey, 646 F.3d 138, 149 (3d Cir. 2011). Therefore, the date on which the statute of limitations began to run for each Plaintiff varies based on the date on which the individual was injured as a result of denial of employment or termination. (MTD at 10.) Defendant establishes the date on which each individual was denied employment or terminated and Plaintiffs do not dispute these dates. Plaintiff Thomas was terminated in February 2009. (MTD at 10; First Amend. Compl. ¶ 189.) Plaintiffs Abdul-Karim and Kennedy were terminated on or before November 2008. (MTD at 11; First Amend. Compl. ¶¶ 224, 274.) Plaintiff Hemmingway was refused employment in March 2010. (MTD at 11; First. Amend. Compl. ¶¶ 306-308.) Plaintiff Horton was refused employment in April 2010. (MTD at 11; First. Amend. Compl. ¶¶ 300-303.) Using the latest date in time, April 2010, Plaintiffs had two years from April 2010, or until April 2012, to file a complaint for violations of Section 1981.

1. *Even if the Discovery Rule Did Apply, Plaintiffs Are Still Outside the Statute of Limitations.*

Plaintiffs argue that their claims did not accrue until they learned that the Enterprise Defendants were "joint employers" with Stryden, which allegedly occurred when Counsel raised the issue with Plaintiffs in January 2014. The discovery rule prevents the statute of limitations from beginning to run until "the date on which the plaintiff *discovers* that he or she has been injured." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (emphasis in original). Once the plaintiff discovers he or she has been actually injured by another party's conduct, the cause of action accrues and the statute of limitations begins to run. Id. This is true even if the plaintiff does not know that the conduct that caused the injury constituted a legal wrong or that a cause of action exists. Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 287 (3d Cir. 2003) ("a claim accrues in a federal cause of action upon awareness of actual

falls under the statute as amended, however, is not dispositive as to which statute of limitations applies. As the Court addressed in the foregoing analysis, because the claim could have been brought under the statute before the 1991 amendment, the Pennsylvania state two-year statute of limitations applies to the contract claims. But even if the Court were to apply a four-year statute of limitations, because each claim accrued more than four years before the filing of the Second Amended Complaint, Plaintiffs' claims would be time-barred nonetheless.

injury, not upon awareness that this injury constitutes a legal wrong.") (quoting Oshiver, 38 F.3d at 1385). Plaintiffs' position is that evasive subpoena responses by Enterprise Defendants made it impossible for Plaintiffs to know that the Enterprise Defendants were "joint employers" with Stryden until January 2014. (Resp. at 10-12.) Because evasive subpoena responses are more properly considered under the doctrine of equitable tolling, the Court will focus on Plaintiffs' allegation that they could not have discovered Enterprise Defendants as joint employers until January 2014 and therefore the discovery rule applies.

The discovery rule provides that a statute of limitations does not begin to run until a plaintiff is aware of the injury suffered and the source of that injury. Plaintiffs' position could be construed as arguing that equitable tolling applies because Plaintiffs did not discover that Enterprise Defendants were a source of their injury at the time of the injury. While this could be a potentially meritorious legal argument, the facts belie this position. First, because any failure to recognize the ability to proceed against Enterprise Defendants under a theory of joint employer liability would be the fault of Plaintiffs' Counsel and not Defendants, the facts do not warrant application of the discovery rule. Grabowski v. Turner & Newall, 516 F. Supp. 114, 120 (E.D. Pa. 1980), aff'd sub nom. DaMato v. Turner & Newall, Ltd., 651 F.2d 908 (3d Cir. 1981) (citing United States v. Kubrick, 444 U.S. 111, 123 (1979). Once Plaintiffs knew they had been injured, they were on notice of the need to investigate to determine whether they were entitled to redress. Vitalo v. Cabot Corp., 399 F.3d 536, 543 (3d Cir. 2005). The failure of Plaintiffs' attorney to exercise reasonable diligence in investigating the source of Plaintiffs' injuries is insufficient to invoke the discovery rule.

Second, even applying the discovery rule to delay accrual of the statute of limitations until Plaintiffs certainly knew of the involvement of Enterprise Defendants, Plaintiffs are still outside the statute of limitations. As Enterprise Defendants explain, it was clear from the First Amended Complaint filed on July 29, 2010, that Plaintiffs were aware an action could be brought on a theory of joint employer liability. But more importantly, it was clear that Enterprise Defendants were potential joint employers long before Plaintiffs filed their Second Amended Complaint in March of 2015. Alamo and National Car Rental were specifically identified in the First Amended Complaint filed in July of 2010, despite not being named as defendants. (Dkt No. 50 at ¶ 24.) In addition, at that same time in July of 2010, Plaintiffs were aware of joint employer liability. (Dkt No. 50 at ¶ 80.) Furthermore, Enterprise became involved as early as June 2012 when Mr.

Badger filed a Motion for Sanctions against Enterprise on June 22, 2012. (Dkt No. 102). As a result, at the very latest, Plaintiffs knew or should have known of the involvement of National and Alamo by July 2010, and Enterprise by June 2012. Plaintiffs, however, did not name National, Alamo, and Enterprise as defendants until March of 2015. Therefore, even if the discovery rule did delay the accrual of Plaintiffs' cause of action, Plaintiffs would still be far outside the two-year statute of limitations.

*2. Equitable Tolling Is Not Warranted*

Plaintiffs argue that the statute of limitations should be equitably tolled because (a) Plaintiffs had no access to the Court for 456 days, (b) Stryden failed to post the statutory notice of employee rights under anti-discrimination laws, and (c) Enterprise Defendants misled Plaintiffs with knowingly false and evasive subpoena responses. (Resp. at 14-16.) Equitable tolling is generally only appropriate in three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver, 38 F.3d at 1387. "In addition, 'equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim.'" Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) (quoting In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004)).

*i. Even if the Statute of Limitations Were Equitably Tolled by the Pendency of Appeal and Temporary Suspense, Plaintiffs Still Filed Outside the Statute of Limitations.*

First, Plaintiffs assert that the statute of limitations should be tolled from December 31, 2012 until December 2, 2013, while Mr. Badger's appeal to the Third Circuit was pending, and while the case was in civil suspense to allow Mr. Badger sixty days to retain counsel and then to allow Stryden sixty days to retain counsel. In total, Plaintiffs assert that these events toll the statute of limitations for 456 days. But Plaintiffs fail to explain how such a period of tolling would permit their Second Amended Complaint to be timely. The last Plaintiff's claim accrued in April of 2010, see supra, and therefore the two-year statute of limitations expired in April 2012, eight months before Mr. Badger ever even filed his appeal in December of 2012.

Therefore, the Court need not determine whether this proposition is meritorious because, even if this Court were to find equitable tolling applied, the claims are still untimely.

*ii. Even if the Statute of Limitations Were Equitably Tolled by the Alleged Failure to Post Notice of Employee Rights, Plaintiffs Still Filed Outside the Statute of Limitations.*

Second, Plaintiffs assert that the statute of limitations should be tolled from the time of Plaintiffs' injury until Plaintiffs had "clear actual notice of their rights to proceed against the Enterprise Defendants as joint employer with Stryden." (Resp. at 15.) Plaintiffs base this argument for tolling on Stryden's alleged failure to post the statutory notice of employee rights under anti-discrimination laws. Plaintiffs, however, never explain how the posting of employee rights would permit Plaintiffs to have "clear actual notice" that Enterprise Defendants were joint employers with Stryden. Furthermore, although tolling based on failure to provide statutory notices is appropriate in certain circumstances, it is not appropriate where a plaintiff was aware of his or her rights. Nogar v. Henry F. Teichmann, Inc., 640 F. Supp. 365, 371 (W.D. Pa. 1985), aff'd, 800 F.2d 1137 (3d Cir. 1986). Here, Plaintiffs were certainly aware of their rights, even if they were not aware of every possible joint employer, when they brought suit as early as July 29, 2010. (Dkt No. 50.) Therefore, if equitable tolling were to apply, it would only toll the statute of limitations until Plaintiffs certainly knew of their rights on July 29, 2010. Because Plaintiffs did not name Enterprise Defendants until March 2015, even with equitable tolling the claim is far outside the two-year statute of limitations.

*iii. The Statute of Limitations Was Not Equitably Tolled by Enterprise Rent-A-Car's Subpoena Response, and, Even if it Were, Plaintiffs Still Filed Outside the Statute of Limitations.*

Finally, Plaintiffs assert that Enterprise Rent-A-Car's subpoena responses were so evasive as to actively mislead Plaintiffs as to their rights. (Resp. at 15-18.) "Federal courts invoke the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the part of the defendant." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). "Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting Alvarez-

Machain v. United States, 96 F.3d 1246, 1251 (9th Cir.1996)). Enterprise Rent-A-Car's subpoena responses, however, plainly do not amount to "intentional inducement or trickery" when this Court has already denied a motion for sanctions based on the very same responses, noting that:

> Mr. Badger has not established that Enterprise failed to comply with any subpoena; to the contrary, Enterprise forwarded Mr. Badger a copy of the correspondence it provided to Mr. Badger's former counsel [William T. Coleman, Plaintiffs' current counsel] in response to the March 2011 subpoena. See Exh. F to Dkt. No. 104. Plaintiffs have not moved to compel Enterprise's compliance with the subpoena, nor have they established or even alleged that Enterprise failed to comply with it.

(Dkt No. 105.) Plaintiffs' attempt to now use the subpoena responses as an excuse for their failure to comply with the statute of limitations is unavailing. In fact, it was Plaintiffs' Counsel who the Court was forced to repeatedly warn of the need to comply with Court Orders. (Dkt Nos. 149, 184, 188.) But in any event, Plaintiffs never explain how, if the subpoena responses were truly misleading, Plaintiffs learned information through other means to allow Plaintiffs to discover the responses were misleading and there is in fact a cause of action. To the contrary, Plaintiffs argue that the delay was because their counsel did not raise a "joint employer" theory of liability with them until January 2014, but there is no connection alleged by Plaintiffs between Counsel's failure and the subpoena responses. (Resp. at 12, 18.) Therefore, even taking Plaintiffs' facts as true, the facts as alleged do not present an extraordinary circumstance in which equitable tolling ought to be applied. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

For the foregoing reasons, Plaintiffs' Section 1981 claims are untimely and hereby DISMISSED.

B. Count II – Violation of the Fair Labor Standards Act – is Time-Barred

Plaintiffs Donald Thomas, Mikail Abdul-Karim, and Quinton Kennedy, (hereinafter "FLSA Plaintiffs"), alleged violations of the Fair Labor Standards Act in Count II of the Second Amended Complaint. The Fair Labor Standards Act includes a specific statute of limitations which states that a cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful

violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Plaintiffs allege in their Second Amended Complaint that the FLSA violations were willful. (S.A.C. ¶ 87.) Because the Court will take the facts alleged in Plaintiffs' complaint as true, the Court will apply the three-year statute of limitations.

Plaintiff Thomas was terminated in February 2009. (MTD at 10; First Amend. Compl. ¶ 189.) Plaintiffs Abdul-Karim and Kennedy were terminated on or before November 2008. (MTD at 11; First Amend. Compl. ¶¶ 224, 274.) Using the later date in time, Plaintiffs had three years from February 2009, or until February 2012, to file a complaint for FLSA violations. Because the Court has already thoroughly evaluated and determined that the Plaintiffs did not comply with the Section 1981 statute of limitations, which expired in April of 2012 at the latest, Plaintiffs likewise cannot use the discovery rule or equitable tolling in order to avoid a statute of limitations that ran out even earlier, in February 2012.

Therefore, for the same reasons the Court explained above, Plaintiffs' FLSA claims are untimely and hereby DISMISSED.

C. <u>Count III – Declaratory Judgment – is Time-Barred Based on the Underlying Limitations Periods Applicable to the Substantive Claims</u>

"[W]hen plaintiffs' claims are barred by a statute of limitations applicable to a concurrent legal remedy, then a court will withhold declaratory judgment relief in an independent suit essentially predicated upon the same cause of action. Otherwise, the statute of limitations can be circumvented merely by draping their claim in the raiment of the Declaratory Judgment Act." <u>Algrant v. Evergreen Valley Nurseries Ltd. P'ship</u>, 126 F.3d 178, 184-85 (3d Cir. 1997) (internal quotations omitted). Plaintiffs recognize that their Declaratory Judgment claim only survives "so long as there is a viable substantive claim." (Resp. at 22.) Because there is no viable substantive claim in that both Counts I and II are plainly time-barred, the declaratory judgment claim must also be time-barred. To find otherwise would permit Plaintiffs to circumvent the statute of limitations.

Therefore, for the same reasons the Court explained above, Plaintiffs' Declaratory Judgment claims are untimely and hereby DISMISSED.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' claims will be dismissed with prejudice. Because the Court has previously afforded Plaintiffs leave to amend[7] and because such leave would be futile, leave to amend will not be permitted.

An appropriate order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**

**C. DARNELL JONES, II J.**

[7] On January 31, 2014, this Court ordered Plaintiffs to file an Amended Complaint by February 14, 2014. (Dkt No. 123.) Plaintiffs, however, did not file an amended complaint. This Court issued an Order to Show Cause on June 30, 2014. (Dkt No. 145.) But Mr. Coleman still did not file an amended complaint on behalf of Plaintiffs. As a result, this Court issued another Order to Show Cause on August 14, 2014. (Dkt No. 149.) In light of the excuses set forth by Mr. Coleman, this Court issued an Order on January 30, 2015, permitting all plaintiffs one final opportunity to file an amended complaint by February 16, 2015. (Dkt No. 176.) But, again, Mr. Coleman failed to file an amended complaint on behalf of Plaintiffs thereby requiring this Court to issue yet another Order to Show Cause. (Dkt No. 184.) Finally, Mr. Coleman filed a Second Amended Complaint on behalf of Plaintiffs on March 17, 2015. (Dkt No. 187.)